IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES, | ) | Cr. No. 06-00323 ACK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES T. LOW, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S REQUEST TO INTERVIEW THE JURY**

On July 5, 2006, Mr. Richard Kawana (standby counsel), transmitted a letter from James T. Low ("Defendant") to the Court. In his letter, Defendant requested that the Court allow him to contact members of the jury in order "to attempt to obtain some understanding of why [the jury] reached the verdict."[1] Defendant stated that "[e]ither [his] mother or Mr. Kawana . . . would seek to contact the jurors." On July 10, 2006, the Court received an email from Assistant U.S. Attorney Mark A. Inciong, opposing Defendant's request because the Government "does not believe there is any valid basis for such contact."

---

[1] Similarly, Defendant's Motion for New Trial and for Extension of Time to File Other Motions for New Trial, filed July 5, 2006, states: "Defendant wishes . . . to investigate further, including seeking to interview members of the jury, to determine such other grounds that exist or may exist, upon which to file motions for the new trial on other separate and additional grounds."

The United States Court of Appeals for the Ninth Circuit does not look favorably on post-verdict interview of jurors.  Traver v. Meshriy, 627 F.2d 934, 941 (9th Cir. 1980); see also Economou v. Little, 850 F. Supp. 849, 853 (D. Cal. 1994).  The Ninth Circuit has held that it is "improper and unethical for lawyers to interview jurors to discover what was the course of deliberation of a trial jury."  Smith v. Cupp, 457 F.2d 1098, 1100 (9th Cir. 1972) (affirming district court's decision refusing to allow jury to be interviewed for purpose of discovering unspecified juror misconduct); People of the Territory of Guam v. Marquez, 963, F.2d 1311, 1315 (9th Cir. 1992) (affirming district court's decision refusing to allow interrogation of jurors to determine whether each failed to read written instructions).

Courts customarily deny requests to interrogate jurors where the requesting party makes no specific claim of jury misconduct.  Cupp, 457 F.2d at 1100; United States v. Stacey, 475 F.2d 1119, 1121 (9th Cir. 1973) (affirming district court's decision refusing to allow defendant to depose jurors regarding whether each understood elements of charges); Sussman v. Unum Provident Corp., No. 00-558, 2001 U.S. Dist. LEXIS 18793 at *2 (D. Cal. Oct. 31, 2001) aff'd, No. 01-57191 2003 U.S. App. LEXIS 8625 (9th Cir. May 6, 2003).  Moreover, where no allegations of juror misconduct are made, courts have denied motions to

interview jurors "for the purpose of discovering possible grounds for a motion for new trial." Economou, 850 F. Supp. at 853.

However, a request to interview the jury may be authorized if the party requesting the interview is able to make a preliminary showing that "(1) extraneous prejudicial information was improperly brought to the jury's attention or (2) that any outside influence was improperly brought to bear upon any juror." Economou, 850 F. Supp. at 853; see also Traver, 627 F.2d at 941.

The Court finds that Defendant has not asserted any cause for interviewing the jury. Accordingly, Defendant's request is denied. The Court would thoroughly consider any future request to interview the jury should Defendant provide a more substantiated request that is supported by the aforementioned case law.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, JULY 13, 2006.

_____
Alan C. Kay
Sr. United States District Judge

United States v. Low, Cr. No. 06-00323 ACK, Order Denying Defendant's Request to Interview the Jury.