**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Cr. No. 06-00323 ACK** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **JAMES T. LOW,** | ) | |
| **Defendant.** | ) | |

**ORDER GRANTING THE GOVERNMENT'S MOTION FOR REDUCTION OF SENTENCE FOR SUBSTANTIAL ASSISTANCE, AS MODIFIED**

Pursuant to Fed. R. Crim. P. 35(b), the United States moves for a reduction of Defendant James T. Low's sentence. At his original sentencing, the Defendant had a total offense level of 38 and a criminal history category of five for a guideline range of imprisonment of 360 months to life; but due to two (actually three) prior felony drug convictions, was sentenced to a statutory mandatory minimum sentence of life in prison under 21 U.S.C. § 841(b)(1)(A). After reviewing the Defendant's assistance, and considering the relevant factors relating to that assistance, the Court grants the Motion, as modified, reducing Defendant's offense level by nine levels and sentencing him to 235 months.

## BACKGROUND

On February 27, 2009, the United States (the "Government") filed a Motion for Reduction of Sentence for Substantial Assistance pursuant to Fed. R. Crim. P. 35(b) ("Motion"). The Motion was contingent on Defendant moving to voluntarily dismiss his pending appeal, which was dismissed by order filed March 19, 2009. On April 27, 2009, Defendant James Low ("Defendant") filed a supplemental memorandum in support of the Motion ("Mem. in Support"). In that supplemental memorandum, Defendant also asserted that his criminal history category of five overrepresented his criminal history, which naturally had not been an issue at his sentencing in light of the statutory mandatory minimum sentence of life. On June 24, 2009, the Court held a hearing on the Motion and the Court continued the hearing in order for the parties to submit supplemental briefing as to the appropriate starting point in reducing Defendant's sentence.

On July 15, 2009, the Court held a further hearing on the Motion. At this hearing, the Government orally raised, for the first time, the records of some twenty convicted individuals and their sentences, asserting that such sentences showed that there was an inappropriate disparity with the reduced sentence that the Court was considering for Defendant. None of the records and sentences for these twenty individuals were referred to in Defendant's presentence report because they had not been

prosecuted at that time, with the exception of Michael Silva, whose related case was set forth in the presentence report. Accordingly, the Court continued the hearing again in order to consider the issue of disparity, and directed the Government to file a memorandum setting forth the information on these additional individuals ("Gov. Supp. Mem."). The Court further allowed Defendant to file a response ("Def. Supp. Mem."), and the Government to file a rebuttal ("Gov. Supp. Reb."). The Court held a final hearing on the Motion on August 26, 2009.

## DISCUSSION

### I. Total Offense Level as a Starting Point

As an initial matter, the Court notes that notwithstanding Defendant's total offense level being 38, the starting point for Defendant's reduction is total offense level 43 based on his mandatory minimum sentence of life. See United States v. LaFleur, 971 F.2d 200, 207 (9th Cir. 1992) ("Regardless of a defendant's criminal history category, an offense level of 43 corresponds to a sentence of life in prison."); United States v. Nelson, 491 F.3d 344, 349 (7th Cir. 2007) ("[A] straightforward interpretation of the Guidelines requires a finding that the applicable guideline range for a mandatory minimum sentence of life is life, which can only be found at offense level 43.").

## II. Reduction of Defendant's Criminal History Category as a Starting Point

Second, the Court will address Defendant's assertion that his criminal history category overrepresents his criminal history. Within offense level 43, and prior to any departure based only on substantial assistance,[1/] the Court finds that criminal history category five overrepresents Defendant's criminal history, and accordingly determines that, absent a motion for downward departure, total offense level 43, criminal history category four is the appropriate starting point. See United States v. Coyle, 506 F.3d 680, 684 (8th Cir. 2007) ("So long as the starting point is reasonable with regard to § 3553(a) [(which includes criminal history)], and any reduction below the statutory minimum is based on substantial assistance and appropriately proportional, then the sentence would be in accordance with law." (emphasis added)).[2/]

---

[1/] Consistent with Ninth Circuit authority, the Court is not basing its extent of departure on any factors other than those related to substantial assistance. See United States v. Auld, 321 F.3d 861, 867 (9th Cir. 2003); United States v. Jackson, No. 08-30231, 2009 WL 2477613, at *4 (9th Cir. Aug. 14, 2009). Instead, the Court merely adjusts Defendant's criminal history category in determining the starting point from which the sentence will be reduced for substantial assistance.

[2/] The Court notes that Coyle, Auld, Jackson, Nelson, and some of the other relevant cases, deal with reductions of sentence based on substantial assistance at the initial sentencing phase, pursuant to 18 U.S.C. § 3553(e). However, although the Ninth Circuit has not explicitly addressed the applicability of § 3553(e) cases to Rule 35(b) motions, the other circuit courts appear to uniformly agree that there is only a

In this case, there were three drug offenses for which the Defendant was originally sentenced, of which only two entered into the ultimate computation. On January 23, 1995, Defendant was arrested for speeding while driving a motorcycle, and following his arrest, officers found 1.151 grams of methamphetamine and a glass pipe in Defendant's possession. On February 12, 1996, Defendant pled no contest as charged. The very low amount of methamphetamine found indicates personal use.

---

temporal difference between a motion under § 3553(e) and a motion under Rule 35(b). See, e.g., United States v. Poland, 562 F.3d 35, 41 (1st Cir. 2009) ("Rule 35(b) must be read in conformity with 18 U.S.C. § 3553(e)."); United States v. Copeland, 122 F.3d 1063, at *3 (4th Cir. 1997) (unpublished opinion) (holding that "interpretations of [§§ 5K1.1 and 3553(e)] are certainly relevant and useful when addressing Rule 35(b)"); United States v. Monus, 20 Fed. Appx. 511, 512 n.1 (6th Cir. 2001) ("A motion under § 3553(e) is the pre-sentence equivalent of a Rule 35(b) motion."); United v. Doe, 940 F.2d 199, 203 n.7 (7th Cir. 1991) (noting that cases construing 35(b), § 3553(e) and § 5K1.1 can be used "interchangeably"); United States v. Marks, 244 F.3d 971, 972 n.1 (8th Cir. 2001) ("In analyzing the application of Rule 35(b), we rely . . . . upon cases decided under § 5K1.1 . . . and 18 U.S.C. § 3553(e)."); United States v. Perez, 955 F.2d 34, 35 (10th Cir. 1992) ("Because of their overlapping subject matter and similarities in language, it is instructive to examine and compare U.S.S.G. § 5K1.1 . . . and 18 U.S.C. § 3553(e) . . . when interpreting Rule 35(b)."); United States v. Acevedo, No. 08-15195, 2009 WL 297711, at *1 (11th Cir. Feb. 9, 2009) ("Rule 35(b) is the post-sentencing analogue to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1"); In re Sealed Case No. 97-3112, 181 F.3d 128, 133 (D.C. Cir. 1999) (noting that § 3553(e) and 35(b) were enacted together as part of the Anti-Drug Abuse Act of 1986, and further noting that "it is thus apparent that in drafting section 5K1.1 the [Sentencing] Commission intended that section to be read in pari materia with 18 U.S.C. § 3553(e) and Rule 35(b)").

On March 1, 1995, following Defendant's arrest for stealing unpaid merchandise, officers recovered .55 grams of methamphetamine and a glass pipe. On February 12, 1996, the same day as the other, Defendant again pled no contest as charged.

On January 6, 1997, after Defendant's arrest outside of Sears with $186 worth of unpaid merchandise, officers recovered .323 grams of methamphetamine and a glass pipe. Defendant was convicted of this charge in December of 1997.

All three of these charges involved very small amounts of drugs, which were found on the Defendant when he was arrested. Apparently, Defendant had a drug addiction at the time, and he stole to pay for his habit.

Some cases have considered various factors in determining whether a criminal history category is misrepresented, such as the age of the priors, the defendant's age at the time of the priors, whether drug and alcohol use were involved in the priors, the circumstances of the prior offenses, the length of the prior sentences, the circumstances of the defendant's life at the time of the priors, and the proximity of the priors. See United States v. Hammond, 240 F. Supp. 2d 872, 877-80 (E.D. Wisc. 2003) (considering the above factors but noting that "[t]here can be no exhaustive list of factors the court should consider in determining whether the seriousness of a defendant's criminal history or the likelihood of recidivism is

over-represented by his designated category”); United States v. Brown, 985 F.2d 478, 482 (9th Cir. 1993) (“[A reduction of criminal history category is appropriate if,] in view of the nature of [defendant’s] prior convictions or [defendant’s] age when he committed one of the predicate offenses, placement in the career offender category significantly exaggerated the seriousness of [Defendant’s] criminal history.”); United States v. Shoupe, 988 F.2d 440, 447 (3d Cir. 1993) (determining that consideration of “age and immaturity at the time of two of his prior criminal offenses, the closeness in time between those two offenses, and the fact that those offenses occurred nearly fifteen years before the instant offense-may be pertinent to whether [defendant’s] career offender status ‘significantly over-represents the seriousness of [his] criminal history or the likelihood that [he] will commit further crimes.’” (quoting U.S.S.G. § 4A1.3)). Here, the priors were relatively minor, were remote in time from the instant offense, and all occurred when Defendant was at a relatively young age.

Accordingly, the Court finds that criminal history category five overrepresents the Defendant’s criminal history, and finds that a one level reduction from five to four is appropriate. The Court notes that offense level 43, criminal history category four, still carries with it a guideline range of life and is thus consistent with the requirement that the

starting point of departure must not be less than the mandatory minimum, when that minimum replaces the guideline sentence. United States v. Auld, 321 F.3d 861, 864-66 (9th Cir. 2003).

**III. The Extent of Departure Based on Substantial Assistance**

Next, the Court will determine the extent that Defendant's sentence should be reduced based solely on his assistance to the Government. In its Motion, the Government recommends that, based on Defendant's cooperation, his sentence should be reduced six levels to 336 months (based on a criminal history category of five). Motion at 5. Defendant, on the other hand, contends that he should receive a fifteen level reduction. Mem. in Support at 27.

The Court analyzes the non-exclusive cooperation factors enumerated in U.S.S.G. § 5K1.1 and does not base the extent of reduction on any of the § 3553(a) factors. The Court finds that a nine level departure is appropriate, i.e., a three level departure for each of the individuals who pled knowing that Defendant was prepared to testify against them.

The Court applies the § 5K1.1 factors and first evaluates the significance and usefulness of the Defendant's assistance, taking into consideration the Government's evaluation of the assistance rendered. U.S.S.G. § 5K1.1(a)(1). The Court finds that Defendant's cooperation was effective, and that all three individuals pled knowing that Defendant was an insider.

The Government has stated its belief that some of the individuals pled because the Government had reduced the charges against them. However, these individuals were subject to Defendant's potential testimony and they knew how effective that testimony would be against them.

The second factor the Court addresses is the truthfulness, completeness, and reliability of any information or testimony provided by the Defendant. Id. § 5K1.1(a)(2). The Court finds that the Defendant's cooperation was complete, reliable, and truthful.

The third factor is the nature and extent of the Defendant's assistance. Id. § 5K1.1(a)(3). Defendant was in custody at that time, and was prepared to testify against the other individuals. He was transported here to Hawaiʻi for the impending trial, but the individuals pled and there was no trial.

The fourth factor the Court analyzes is the injury suffered, or any danger or risk of injury to the Defendant or his family as a result of his assistance. Id. § 5K1.1(a)(4). In fact, the Court notes that W.K., one of the individuals against whom Defendant was prepared to testify, threatened the Defendant as a result of Defendant's cooperation with the Government.

Finally, the fifth factor is the timeliness of the Defendant's assistance. Id. § 5K1.1(a)(5). The Court finds that Defendant's assistance was timely, although long after he was

convicted and sentenced, because at the time that these individuals were about to go to trial Defendant was brought to Hawai'i and was prepared to testify against them.

The Court concludes that in addressing the § 5K1.1 factors, the appropriate extent of departure based solely on substantial assistance is nine levels.

**IV. No Disparity With the Sentences of Other Individuals**

The Government contends that reducing Defendant's sentence by nine levels creates a disparity with the sentencing of other related individuals. The Government represents that an additional twenty individuals were all involved with the same drug ring that Defendant was a part of, and should be considered in determining Defendant's reduction of sentence. Gov. Supp. Mem. at 3. The Court notes that among these individuals, there are significant variations in criminal history categories, drug amounts, and the extent of cooperation leading to reductions of sentence for some.

As an example of these variations, B.A. and A.V. were convicted for 2,000 pounds of methamphetamine, did not cooperate, went to trial, but because of their criminal history categories of one, were only sentenced to 384 months. On the other hand, Defendant was convicted for under seven pounds of methamphetamine and did cooperate (albeit after a trial and sentencing), but because of three prior drug felony convictions, was subject to a

criminal history category of five and a mandatory minimum life sentence. Many of the other individuals were convicted with substantially larger amounts of drugs than Defendant, but had lower criminal history categories (usually criminal history category one), and some cooperated much more timely and extensively than Defendant. Among these individuals, many were given reductions in sentence for their cooperation in the same or greater percentage amounts as the Court orders here for Defendant.

The Court finds that the records of two individuals in particular, M.O. and W.K., are significant in the Court's consideration of any disparity with respect to the reduction of Defendant's sentence and the sentences of the other twenty individuals. The Government urges that M.O. was in a comparable situation to Defendant and thus Defendant's reduction should be similar to M.O.'s. Gov. Supp. Mem. at 30-31.

The Court notes that like Defendant, M.O.'s cooperation came at a belated stage. However, she was convicted for 100 pounds of methamphetamine and had a criminal history category of six; as compared to Defendant's conviction for under seven pounds of methamphetamine and his criminal history category of five (which the Court has found overrepresents his criminal history). For her cooperation, she received a three-level departure and was sentenced to 210 months.

W.K.'s record is even more notable. The Government only charged him with one of his two prior drug felonies, thereby decreasing what would have been a sentence of a mandatory minimum of life (the same as Defendant) to a mandatory minimum of twenty years. W.K. had a criminal history category of six and was convicted for 448 pounds of methamphetamine. Again, the Court compares this to Defendant's criminal history category of five (or four) and his being convicted for under seven pounds of methamphetamine. W.K. did not cooperate, but pled to a lesser charge and received a sentence of 292 months.

In view of the foregoing, the Court concludes that the circumstances of Defendant's assistance, sentencing, and record are significantly different from that of M.O., W.K., and the other individuals that the Government has argued here. Therefore, there is no disparity, under the circumstances, in reducing Defendant's sentence to 235 months. The Court finds that Defendant's sentence should be reduced to 235 months.

**V. Defendant's New Sentence**

Therefore, in considering the § 5K1.1 factors, and starting at offense level 43 and criminal history category four, the Court determines that the appropriate extent of departure based on substantial assistance is nine levels. Thus, Defendant's sentence is reduced to offense level 34, with a

guideline range of 210 to 262 months. Within this range, the Court sentences Defendant to a mid-range sentence of 235 months.

Alternatively, starting at offense level 43 and keeping Defendant's criminal history category at five (i.e., without lowering Defendant's criminal history category from five to four), the Court reduces Defendant's sentence nine levels to offense level 34, with a guideline range of 235 to 293 months. Within this range, the Court sentences Defendant to a lower-range sentence of 235 months.

**CONCLUSION**

For the foregoing reasons, the Court grants the Government's Rule 35(b) Motion for Reduction of Sentence, as modified, and based on his substantial assistance, reduces Defendant Low's sentence to 235 months.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, September 25, 2009.




Alan C. Kay
Sr. United States District Judge

United States v. James T. Low, CR 06-00323 ACK: Order Granting the Government's Motion for Reduction of Sentence for Substantial Assistance, As Modified.