# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Crim. No. 06-00323 ACK |
| Plaintiff, | ) |
| v. | ) |
| JAMES T. LOW, | ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO AMENDMENT 782

Defendant James T. Low has filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. Defendant is eligible to receive a sentence reduction based on the retroactive amendment that lowered the base offense level applicable to him. Because the Court concludes that a reduction of Defendant's sentence is warranted, the Court hereby GRANTS Defendant's Motion for Sentence Reduction. (Doc. No. 158.)

## PROCEDURAL BACKGROUND

On June 28, 2006, Defendant was found guilty after a jury trial of possession with intent to distribute and conspiracy to distribute 50 grams or more of methamphetamine. (Doc. No. 43.) On December 28, 2006, this Court sentenced Defendant to a statutorily mandated sentence of life imprisonment. (Doc. No. 94.)

On February 27, 2009, the Government filed a Motion for Reduction of Sentence for Substantial Assistance pursuant to Federal Rule of Civil Procedure 35(b). (Doc. No. 130 ("Rule 35 Motion").) Defendant filed a supplemental memorandum in support of the Rule 35 Motion, asserting that his criminal history category of five overrepresented his criminal history, which had not been at issue at his original sentencing in light of the statutory mandatory minimum sentence of life. (Doc. No. 137.) On July 15, 2009, during the hearing on the Rule 35 Motion, the Government raised for the first time the records of some twenty convicted individuals and their sentences, asserting that those sentences showed that there was an inappropriate disparity between the reduced sentence that the Court was considering for Defendant and the sentences of other, similarly situated individual. The Court therefore continued the hearing and allowed the parties to submit supplemental briefing regarding the issue of disparity. (Doc. No. 144.)

On September 25, 2009, after holding a subsequent hearing on the Rule 35 Motion, the Court concluded that, notwithstanding the Government's arguments to the contrary, no disparity existed under the circumstances and granted the Government's Rule 35 Motion. Using a base offense level of 43, and determining that a criminal history category of IV was appropriate, the Court concluded that the appropriate extent of

departure based upon Defendant's substantial assistance was nine levels. (Doc. No. 155.) Thus, the Court reduced Defendant's sentence to offense level 34, with a guideline range of 210 to 262 months, and concluded that a mid-range sentence of 235 months was appropriate. (Id.)

On May 12, 2015, Defendant, with the assistance of the Federal Public Defender, filed the instant Motion for Sentence Reduction Under Amendment 782. (Doc. No. 158.) On July 17, 2015, the Government timely filed its memorandum in opposition to the Motion, (Doc. No. 160,) and Defendant filed his reply on July 23, 2015. (Doc. No. 161.) A hearing on the Motion was held on August 4, 2015.

## **STANDARD**

18 U.S.C. § 3582(c)(2) authorizes district courts to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013); see also 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826-27 (2010). First, the Court must determine that a defendant is eligible for a sentence reduction pursuant to Section 1B1.10 of the Sentencing Guidelines and the

applicable policy statements issued by the Sentencing Commission. 28 U.S.C. § 994(u). Second, the Court must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii); <u>Dillon</u>, 560 U.S. at 826-28.

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective. Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11. The Sentencing Commission provided that Amendment 782 would apply retroactively to previously sentenced defendants. U.S.S.G. §§ 1B1.10(d), (e)(1).

## **ANALYSIS**

### I. Step One: Defendant is Eligible for a Sentence Reduction Pursuant to Amendment 782

Under the first step of the two-step sentencing reduction framework set forth in <u>Dillon</u>, the Court determines eligibility for a sentence reduction by examining the amended guideline range that would have been applicable to the defendant if Amendment 782 to the United States Sentencing Guidelines had been in effect at the time the defendant was sentenced. U.S.S.G. § 1B1.10(b)(1). Here, the Government does not dispute that Amendment 782 lowered Defendant's base offense level by two levels and that he is therefore eligible for a sentence reduction pursuant to § 1B1.10. (Mot., Ex. B; Opp'n at 2.) The Court

4

concurs.

As noted above, Defendant's initial base offense level was calculated at 43, based on his mandatory minimum sentence of life in prison. (Doc. No. 155.) During the Rule 35 proceeding, the Court valued Defendant's cooperation as worth 9 levels off his base offense level, bringing it down from 43 to 34. The Court further found that the Guidelines overstated Defendant's criminal history category, and concluded that he should be in criminal history category IV instead of V. (Id.) With an offense level of 34 and a criminal history category of IV, Defendant's range was 210-262 months. The Court determined that a mid-range sentence of 235 was appropriate.[1] (Id.)

Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, altered the drug quantities provided in U.S.S.G. § 2D1.1, lowering the base offense level applicable to Defendant by two levels, but otherwise leaving untouched all other guideline application decisions. See Dillon, 560 U.S. at 827. Thus, Defendant's base offense level of 43 is lowered to 41 by Amendment 782. Defendant's cooperation was determined by this Court to be worth a 9-level deduction; thus, a comparable reduction lowers his

---

[1] The Court alternatively concluded that, even using Defendant's original criminal history category of V, his range would be 235-293 and that a lower-range sentence of 235 months would remain appropriate. (Id. at 12-13.)

5

offense level to 32. Using a criminal history category of IV, Defendant's sentence range as modified by Amendment 782 is therefore 168-210 months.[2]

**II. Step Two: Consideration of the 18 U.S.C. § 3553(a) Factors**

At step two of the Dillon framework, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining whether a reduction in a defendant's term of imprisonment is warranted. See Dillon, 560 U.S. at 827; U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii). Thus, the Court must consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed;
(3) the kind of sentences available;
(4) the applicable category of offense committed by the defendant as set forth in the guidelines;
(5) any pertinent policy statement;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Government asserts that the nature and circumstances of Defendant's original criminal conduct counsel against any reduction of sentence. (Opp'n at 4-5.) Specifically,

---

[2] Using a criminal history category of V, the amended range is 188-235 months. Because, however, this Court has already found that the appropriate criminal history category is IV, the Court will use that category for purposes of Defendant's sentencing reduction.

6

the Government notes that Defendant was convicted after having been found in possession of nearly seven pounds of methamphetamine and approximately $150,000 in cash, but that "by sheer good fortune on his part," Defendant was arrested before being "swept up and arrested with the other twenty-one co-conspirators charged and convicted as part of the Acuna-Valenzuela conspiracy which was uncovered just three months later." (Id. at 5.) The Government asserts that, had Defendant been charged as part of that conspiracy, he would have been held responsible for "hundreds of pounds of methamphetamine," rather than the seven pounds for which he was charged. (Id.) Moreover, the Government argues that Defendant has already received an overly generous downward departure for substantial assistance; "three levels more than the Government recommended and over the Government's strenuous objection." (Id. at 5-6.) The Government therefore asserts, as it did during the hearing on its Rule 35 Motion, that a disparity exists between the sentences of Defendant and three other cooperating defendants.

Notwithstanding the Government's arguments to the contrary, the Court has considered the totality of the circumstances and the factors identified in 18 U.S.C. § 3553(a) and finds that a reduction in Defendant's sentence is warranted pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. Defendant does not have a history of violence, nor is there any evidence

7

that he has been involved in any post-conviction misconduct. While incarcerated, Defendant has taken classes and completed rehabilitative programs, and there is no evidence of any disciplinary infractions that would suggest a reduction in sentence might be inappropriate. In its Order granting the Government's Rule 35 Motion, the Court concluded that no unwarranted sentence disparity would be created by reducing Defendant's sentence based upon his substantial assistance; the Court likewise finds no unwarranted sentence disparity will be created here by granting Defendant a proportional sentence reduction in accordance with Amendment 782. In sum, the Court concludes that, under the circumstances of this case, a reduction of Defendant's sentence is warranted.

As discussed above, pursuant to Amendment 782, Defendant has a criminal history of IV with an offense level of 32 for an amended guideline range between 168 and 210 months. In his Motion, Defendant requests a reduction to a mid-range amended sentence of 188 months.[3] The Court finds that a sentence of 188

---

[3] The Court notes that Defendant argues in his Reply that the Government has waived any argument with respect to the calculation of a proportionate reduction of Defendant's sentence by failing to address that issue and arguing instead that Defendant should not be granted any reduction at all. (Reply at 3.) To support this "waiver" argument, Defendant cites United States v. Vallejo, a case in which the Ninth Circuit deemed waived the Government's argument regarding harmless error because the Government failed to raise it, but nevertheless reached the issue and ruled in favor of the Defendant. 237 F.3d 1008, 1026
(continued...)

months in this case is consistent with the factors set out in 18 U.S.C. § 3553(a), the Sentencing Guidelines, and the Sentencing Commission's policy statements.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's Motion for Sentence Reduction. The Court reduces Defendant's sentence from 235 months to 188 months of confinement. All other

---

[3]/(...continued)
(9th Cir. 2001). Defendant argues that, in light of the Government's "waiver" on the issue of a proper reduction, the Court should reduce Defendant's sentence to 131 months, not 188 months. (Reply at 3.) Defendant explains that the application notes to U.S.S.G. § 1B1.10(c) suggest an "alternative method of calculating a defendant's amended guideline range," under which the amended guideline range is determined without application of the § 5G "trumping" provisions, which may unreasonably curtail a defendant's substantial assistance reduction in certain circumstances. (Mot. 7-8.) Were this approach taken in Defendant's case, the starting point for his reduction would be his original, "untrumped" guideline range of 38 (rather than the 43 determined because of his mandatory life sentence), lowered by Amendment 782 to 36. An offense level of 36 and a criminal history category of IV results in a 262-327 month guideline range. Defendant asserts that applying the same reduction this Court originally gave Defendant for his substantial assistance would thus result in a 131-month sentence. Defendant concedes in his Motion, however, that such a result would give him a "windfall reduction that he recognizes is not realistic," and that "a 188-month Amendment 782 sentence best correlates to the value this Court gave to his cooperation in the Rule 35 proceeding while still reflecting the seriousness of his offense and the other factors this Court considered when sentencing him . . . ." (Mot. at 8, 10.) The Court, in exercising its discretion, agrees that the 188-month sentence is the more appropriate result under the circumstances of this case. As Defendant himself states in his Motion, the 188-month sentence is "comparable and proportionate to what this Court did at the Rule 35 proceeding, and it best maintains the value this Court gave to [Defendant's] cooperation[]" at that time. (Mot. at 7.)

aspects of Defendant's sentence remain unchanged.

　　　　　IT IS SO ORDERED.

　　　　　DATED:　Honolulu, Hawaii, August 4, 2015



　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Alan C. Kay
　　　　　　　　　　　　　　　Senior United States District Judge

USA v. Low, Crim. No. 06-00323 ACK, Order Granting Motion for Sentence Reduction.